# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN T. WINSTON,

                        Petitioner,

v.                                                          Case No. 20-CV-1835-JPS
                                                            7th Cir. Case No. 23-1729

JON NOBLE,
                                                                        **ORDER**

                        Respondent.

## 1.     INTRODUCTION

On March 27, 2023, this Court granted Respondent Jon Noble's ("Respondent") motion to dismiss Petitioner Justin T. Winston's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissed the case with prejudice. ECF No. 34. Judgment was entered thereon the same day. ECF No. 35.

On April 17, 2023, Petitioner filed a notice of appeal. ECF No. 36. Then, on April 20, 2023, the Court received two separate filings from Petitioner requesting reconsideration of the denial of his habeas petition. ECF Nos. 43, 44.[1] Petitioner purports to move for reconsideration pursuant to both Federal Rules of Civil Procedure 59(e) and 60(b) on grounds of "manifest error of law and facts." ECF No. 44 at 1. For the reasons discussed herein, the Court will deny the motions.

---

[1]On May 1, 2023, Petitioner also filed a brief supplement to his motions for reconsideration. ECF No. 46.

## 2.    LEGAL STANDARDS

### 2.1    Rule 60(b)

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 352 (7th Cir. 2004) (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1124, 1231 (7th Cir. 1983)). A motion for reconsideration brought pursuant to Rule 60(b) must be "based on one of six specific grounds listed in the rule." *Id.* (quoting *Talano v. Nw. Med. Fac. Found.*, 273 F.3d 757, 762 (7th Cir. 2001) and *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)). "The six possible grounds for Rule 60(b) relief are:

> (1) [M]istake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could
> not have been discovered in time to move for a new trial
> under Rule 59(b); (3) fraud . . . , misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged,
> or a prior judgment upon which it is based has been reversed
> or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (6) any
> other reason justifying relief from the operation of the
> judgment.

*Id.* (quoting Fed. R. Civ. P. 60(b)). Importantly, however, a Rule 60(b) motion should not merely "rehash[] the merits of the case based on the existing record." *Tokh v. Water Tower Ct. Home Owners Ass'n*, 327 F. App'x 630, 631 (7th Cir. 2009). This is so because "[a] Rule 60(b) motion is not a substitute for appeal . . . ." *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) and *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 577 (7th Cir. 1997)).

## 2.2 Rule 59(e)

Like that afforded by Rule 60(b), relief pursuant to Rule 59(e) is "extraordinary." *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). In contrast to Rule 60(b), however, "Rule 59(e) does not set forth any specific grounds for relief." *United States v. Roth*, Nos. 10 MISC 001; S.D.N.Y. 09 Civ. 8712, 01 Cr. 1503 (SCR) (LMS), 2010 U.S. Dist. LEXIS 38175, at *5 (E.D. Wis. Apr. 19, 2010). "[T]he Seventh Circuit recognizes only three substantive grounds upon which a Rule 59(e) motion may be based: 1) newly-discovered evidence; 2) an intervening change in the controlling law; and 3) manifest error of law." *Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). However, "a Rule 59(e) motion may not be used simply to re-litigate issues that have already been decided." *Id.* at *6 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)). "The law is clear that Rule 59(e) motions are not the proper vehicle for revisiting issues and recapitulating arguments that were decided by the Court . . . ." *Id.* (citing *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)).

## 3. ANALYSIS

Because they expressly seek to correct alleged "manifest error[s] of law and fact," ECF No. 44 at 1, Petitioner's motions for reconsideration are more properly evaluated under Rule 59(e) than under Rule 60(b). Further, the motions are timely under Rule 59(e) and thus need not be construed under Rule 60(b). *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("[W]e have established a bright-line rule that any [Rule 59(e)] motion for reconsideration filed after the deadline must be construed as a motion to vacate [under Rule 60(b)]." (citing *Justice v. Town of Cicero, III*, 682 F.3d 662, 665 (7th Cir. 2012)). However, ultimately the legal standard is not

dispositive here because Petitioner's motions appear to both "rehash[] the merits of the case based on the existing record," *Tokh*, 327 F. App'x at 631, and "recapitulate[] arguments that were decided," *In re Oil Spill*, 794 F. Supp. at 267.

### 3.1 Ground One

In its order dismissing Petitioner's habeas case, the Court wrote that Ground One was procedurally defaulted because the Wisconsin Court of Appeals rejected the claim as forfeited. ECF No. 34 at 11–12. The Court also addressed, and rejected, Petitioner's argument that the application of the forfeiture doctrine in his state case was not "firmly established and regularly followed" and was "unexpected and freakish" such that procedural default should not bar this Court's consideration of the merits of the claim. *Id.* at 12–13 (quoting ECF No. 28 at 2). Now, in his motion for reconsideration, Petitioner acknowledges that the Court "held that [his] . . . Batson [sic] claim is procedurally defaulted because the Wisconsin Court of Appeals denied it as 'forfeited,'" but reiterates that "this part of the [Wisconsin Court of Appeals'] . . . decision . . . was not firmly established and regularly followed . . . ." ECF No. 44 at 1–2. In other words, he merely regurgitates his original argument, which is not an appropriate ground for reconsideration.

### 3.2 Ground Two

Similarly, the Court concluded that Petitioner's Ground Two was procedurally defaulted because "[t]he Wisconsin Court of Appeals relied expressly on [*State v.*] *Escalona-Naranjo*[,] [517 N.W.2d 157 (Wis. 1994)] and [*State v.*] *Romero-Georgana*[,] [849 N.W.2d 668 (Wis. 2014)] in denying this aspect of Petitioner's § 974.06 motion," and noted that reliance on those cases constitutes "independent and adequate state procedural grounds" for

purposes of procedural default. ECF No. 34 at 15 (quoting *Garcia v. Cromwell*, 28 F.4th 764, 767 (7th Cir. 2022)). The Court addressed Petitioner's argument that the Wisconsin Court of Appeals had not truly relied independently on *Escalona-Naranjo* and *Romero-Georgana* but had instead made a "ruling . . . on the merits." *Id.* (quoting ECF No. 28 at 11–12). But the Court rejected this argument, noting that it "and similar arguments are rejected by the Seventh Circuit." *Id.* (citing *Garcia*, 28 F.4th at 774).

Now, in his motion for reconsideration, Petitioner again rehashes those arguments already rejected by the Court; for example, he insists that the Wisconsin Court of Appeals merely recited the standards of *Escalona-Naranjo* and *Romero-Georgana* before "immediately [going] into the merits of the claims . . . ." ECF No. 44 at 3–4; ECF No. 46 at 1–2. Again, because motions for reconsideration are not mere substitutes for appeal, the Court will decline the invitation to revisit these arguments and its analysis.

### 3.3    Ground Three

Next, the Court acknowledged that the Wisconsin Court of Appeals, in addressing Petitioner's Ground Three, "expressly relied on the rule that '[a] postconviction motion alleging ineffective assistance of counsel may be denied without an evidentiary hearing "if the motion fails to allege sufficient facts to raise a question of fact, presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief."'" ECF No. 34 at 16 (quoting *State v. Winston*, 905 N.W.2d 843, ¶ 16 (Wis. Ct. App. 2017) (quoting *State v. Roberson*, 717 N.W.2d 111 (Wis. 2006))). The Court concurred with Respondent's assertion that these "procedural pleading standards" on which the Wisconsin Court of Appeals relied in disposing of Ground Three "are 'identical to' those which have been consistently held to constitute 'an adequate and independent

state law ground . . . .'" *Id.* at 17 (quoting ECF No. 26 at 9). The Court therefore held that Ground Three was procedurally defaulted. *Id.* (quoting *Whyte v. Winkleski*, 34 F.4th 617, 625 (7th Cir. 2002)).

The Court further addressed Petitioner's argument that "his 'pro se claim' on ineffective assistance of trial counsel [Ground Three] is 'different' than that presented by his postconviction counsel because it includes 'new arguments on race and with a gender [] challenge.'" *Id.* at 18 (quoting ECF No. 28 at 3–4). In making this argument, Petitioner relied on *Warren v. Baenen*, 712 F.3d 1090 (7th Cir. 2013), writing that "just like in [Petitioner's] case, the state court in Warren [sic] held that his claim was barred by relitigation, but when looking at the court's decision on direct appeal, it decided a related, but distinct issues [sic]." *Id.* (quoting ECF No. 28 at 3). The Court went on to discuss and distinguish *Warren*.

Now, on reconsideration, Petitioner argues that the Court "erroneously applied the wrong section of the Warren [sic] case to his argument on how [Ground Three] is not barred." ECF No. 44 at 5. Indeed, it appears that in Petitioner's original briefing, he cited to page 1098 of *Warren*—a point at which the Seventh Circuit addressed the petitioner's argument that his counsel was "ineffective because she failed to investigate a [witness] statement," *Warren*, 712 F.3d at 1097–98—and that this Court instead discussed a later portion of *Warren*, neglecting to address that portion specifically cited to by Petitioner. Nevertheless, as the Court discusses below, Petitioner's reliance on this portion of *Warren* does not aid him.

In the portion of *Warren* on which Petitioner relies, the Seventh Circuit concluded that while the petitioner had argued that his trial counsel was ineffective for failing to investigate witness statements, the "Wisconsin

state court on post-conviction review" "decided a related, but distinct, issue," "not fully address[ing] the ineffective assistance issue" and "not actually address[ing] the constitutional issue at stake here." *Id.* at 1098. Accordingly, the Seventh Circuit concluded that the appropriate standard of review was "de novo," rather than "AEDPA['s] deference." *Id.* The Court then went on to apply de novo review to the claim but nevertheless rejected it on its merits. *Id.* at 1098–99.

This portion of *Warren* does not aid Petitioner because the issue this Court encountered in addressing Ground Three was whether it was procedurally defaulted, not one of which standard to review to apply in addressing the ground's merits. *See* ECF No. 34 at 17 (concluding that Ground Three was procedurally defaulted). In other words, the portion of *Warren* on which Petitioner relied, and continues to rely, is an entirely distinct and inapplicable context. It is for this reason that the Court applied a later portion of *Warren*, *see* ECF No. 34 at 18, because that portion addressed the issue of procedural default, which was what was actually at issue with respect to Petitioner's Ground Three.

Accordingly, Petitioner has not demonstrated that the Court committed a manifest error of law in disposing of Ground Three on grounds of procedural default.

### 3.4    Ground Four

Lastly, the Court disposed of Ground Four as procedurally defaulted due to the Wisconsin Court of Appeals' express reliance on both *Escalona-Naranjo* and *State v. Allen,* 682 N.W.2d 433 (Wis. 2004). ECF No. 34 at 20 ("Like *Allen*, reliance on *Escalona-Naranjo* has clearly been held to constitute 'an adequate and independent state procedural ground, which forecloses federal review.'") (quoting *Whyte*, 34 F. 4th at 624).

Again, on reconsideration, Petitioner appears to merely re-assert that which he originally asserted with respect to this ground. ECF No. 44 at 7 ("Winston asserts that he has already explained how his . . . ineffective assistance of trial counsel claims that's related to the ineffective assistance of postconviction counsel clam are not procedurally defaulted."); *id.* ("Second, Winston asserted in his opposition brief how his case is distinguished from Whyte [sic]."). Again, because motions for reconsideration are not mere substitutes for appeal, the Court will decline the invitation to revisit these arguments and its analysis.

### 3.5 Cause and Prejudice

The Court also acknowledged that, as a general matter, a petitioner whose grounds for relief are deemed procedurally defaulted may not obtain further federal habeas review thereon "unless the petitioner can show 'cause and prejudice or actual innocence.'" ECF No. 34 at 10–11 (quoting BRIAN R. MEANS, FEDERAL HABEAS MANUAL, § 9B:1, 1131–32 (2019 ed.)). After concluding that Petitioner's grounds for relief were procedurally defaulted, the Court noted that Petitioner's "response in opposition to the motion to dismiss makes no actual argument as to cause and prejudice or actual innocence," apart from Petitioner's bald assertion that "he has 'shown cause and prejudice on grounds (1), (2), and (3)." *Id.* at 13 & n.7 (quoting ECF No. 28 at 13). This "passing reference" to cause and prejudice was "unsupported and undeveloped," and so the Court declined to analyze the issue. *Id.* at 13 n.7.

Petitioner now argues that the Court erred in not analyzing the issue of cause and prejudice with respect to his ineffective assistance of postconviction counsel claim because "ineffective assistance is adequate to establish cause for the default of some constitutional claims, like some to be

raised first in the state court." ECF No. 44 at 9 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000)). However, Petitioner's reliance on *Edwards* also relies on his incorrect assertion that "the [ineffective assistance of postconviction counsel] claim is not defaulted . . . ." *Id.*

Indeed, the Court in *Edwards* wrote that "[a]lthough [it] ha[d] not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [it] ha[s] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice . . . . In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." 529 U.S. at 451 (internal citation omitted). However, the Court went on to address the question of whether it was sufficient "that the ineffective-assistance claim was 'presented' to the state courts, even though it was not presented in the manner that state law requires." *Id.* at 452.

Put another way, the Court addressed the issue of whether the claim of ineffective assistance of postconviction counsel could *itself* be procedurally defaulted such that it could not remedy the procedural default of a petitioner's other grounds for relief. Indeed, it could. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." *Id.* at 453; *see also Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) ("[A] claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well . . . . [Petitioner] defaulted his ineffective assistance of counsel claim and he does not offer cause-and-prejudice to excuse this default.") (citing *Edwards*, 529 U.S. at 452–54).

Such is the case here. Petitioner argues, albeit baldly, that the ineffective assistance of his postconviction counsel constitutes cause and prejudice with respect to his remaining grounds for relief such that their procedural default can be set aside. This argument fails because the Court has already concluded that Petitioner's claim of ineffective assistance of postconviction counsel—Ground Four—is *itself* procedurally defaulted. ECF No. 34 at 20 ("This [G]round [Four] is similarly procedurally defaulted, in part for the reasons already provided above. The Wisconsin Court of Appeals expressly relied on *State v. Allen* . . . [and] *Escalona-Naranjo* . . . .") (internal citation omitted); *see also supra* section 3.4.

## 4. CONCLUSION

For the reasons discussed herein, the Court concludes that Petitioner has not demonstrated any manifest error of law or fact for purposes of Rule 59(e). Accordingly, the Court will deny his motions for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner Justin T. Winston's motions for reconsideration, ECF Nos. 43, 44, be and the same are hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge